IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MARK EDWARD KINSLER | ) | HANCOCK COUNTY |
| | ) | 03A01-9703-CH-00080 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. THOMAS R. FRIERSON, II, |
| | ) | CHANCELLOR |
| | ) | |
| CARL BAKER, et ux | ) | |
| EDITH BAKER | ) | |
| | ) | |
| Defendants-Appellants | ) | AFFIRMED AND REMANDED |

WILLIAM E. PHILLIPS OF ROGERSVILLE FOR APPELLANT

FLOYD W. RHEA OF SNEEDVILLE FOR APPELLEE

O P I N I O N

Goddard, P.J.

In this suit, the Plaintiff seeks a determination that he owns a right-of-way from his property located in the Fourth District of Hancock County over the adjoining property of the Defendants.

The Trial Court found in favor of the Plaintiff, resulting in this appeal, which raises the following issues:

1.   Did the Trial Court err in failing to find that the weight of the evidence preponderated that the easement of the dominant estate had been abandoned.

2.   Did the Trial Court err in failing to find that the weight of the evidence preponderated in a finding that the easement of the dominant estate had been adversely possessed by the owners of the servient estate and thus terminated.

3.   Did the Trial Court err in failing to find that the weight of the evidence preponderated in a finding that an attempted adverse possession of the dominant estate's easement had commenced more than seven (7) years prior to the filing of plaintiff's suit thus barring plaintiff's suit pursuant to the provisions of *Tenn. Code Ann. § 28-2-103.*

The deed wherein the Plaintiff acquired the right-of-way he claims and prior deeds in his chain of title are as follows:

1.   N. T. Baker and wife to L. D. Lawson, dated March 19, 1931, contained the following language: "Parties of the first part is [sic] to furnish party of the second part a Lane road out of them.

2.   Nora Baker and wife to L. D. Lawson, dated December 1, 1932, contained the following language: "Nora Baker and Lula Baker deeds L. D. Lawson and wife a road out over their land to public road."

3.   L. D. Lawson to Kyle Sizemore and wife, dated November 27, 1943, conveyed property acquired by previous deeds from Baker. No right-of-way was mentioned, although the deed does contain a "hereditament and appurtenance" clause.

2

4.    Kyle Sizemore and wife to Roscoe Kinsler, dated March 24, 1945. No right-of-way was mentioned, although the deed does contain a "hereditament and appurtenance" clause.

5.    Roscoe Kinsler and wife to Eugene Sizemore, dated April 6, 1956. No right-of-way was mentioned, although the deed does contain a "hereditament and appurtenance" clause.

6.    Eugene Sizemore to Kyle Sizemore and wife, dated December 7, 1962. No right-of-way was mentioned, nor does the deed contain a "hereditament and appurtenance" clause.

7.    Kyle Sizemore and wife to Michael C. Hickman and wife, dated July 15, 1991, also conveying "any right, title and interest which they [the grantors] may have to any easements or rights-of-way benefiting the above-described premises."

        It will be noted that the deeds number 3, 4, 5 and 6 do not mention the right-of-way. The Trial Court determined that the right-of-way passed by virtue of the hereditament and appurtenant clause and no question is made as to this point. We do note that deed number six does not have a hereditament and appurtenant clause. But, because it is the general rule that "upon conveyance of property the law implies a grant of all incidents rightfully belonging to that property at the time of the conveyance which was essential to the full and perfect enjoyment of the property," Bishop v. Village of Brookfield, 425 N.E. 2d 1113 (Ill. App. 1981), and because no question is made as to this point either, we will notice it no further.

3

Our reading of the record, including the Trial Court's memorandum opinion, persuades us that this is an appropriate case for affirmance under Rule 10(a) of this Court. In reaching this conclusion, we find that the evidence does not preponderate against the Trial Judge's findings of fact, and that his conclusions of law based thereon are appropriate.

Notwithstanding our affirmance under Rule 10(a), we deem it appropriate to briefly address two points made by the Defendants. First, as to the fence they contend enclosed their property for the prescriptive period and thereby extinguished the right-of-way claimed by the Plaintiff, it appears that the fence was not constructed, maintained, or used in a fashion that would extinguish the Plaintiff's rights. Indeed, there is proof that the main purpose of the fence was to confine cattle.

There is a no trespassing sign near the public road in close proximity to a cemetery. The Defendants did permit family members of those buried to visit the cemetery, as is required under our case law. Hines v. State, 126 Tenn. 1, 149 S.W 1058 (1911). However, they also permitted Mr. Kinsler and hunters to traverse their property. In this regard, Edith Baker testified as follows:

> Q     Right. Now, Mr. Rhea asked you about did you mind Mr. Kinsler coming across you, walking. Do you allow people to walk up and down your property?
>
> A     Yeah, there's a lot of people go in there and I say nothing.

4

It is apparent from the record that the sign was "more honour'd in the breach than the observance."

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Defendants and their surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.

5